## JOHN P. SAUNDERS v. JOHN DUVAL'S ADM'R.

An heir or legatee who has assigned his interest in the estate, is a competent witness in a suit by the administrator.

Where an executor has been removed, he is a competent witness in behalf of the estate in a suit by an administrator *pro tem.*, although proceedings may be pending to set aside the order for his removal.

Where it is proved that a partner has been denied access to the partnership books, they are not admissible as evidence against him, as the partnership books, without proof.

Where the plaintiff applied to defendant several times for leave to inspect certain books of account, and defendant refused, stating at one time that they were not ready, and that he would fix them up before settlement, it was held that the books were not admissible upon the suppletory oath of the defendant alone, by whom they were kept.

The production of papers or books, upon notice, does not make them evidence in the case, unless the party giving the notice inspects them, so as to become acquainted with their contents.

Where the plaintiff and defendant were partners in a saw and grist mill, ferry and farm, for a year, commencing December 1st, 1853, and the defendant managed the business and kept the books, and the books were excluded on the ground that defendant had refused plaintiff leave to inspect them, and because they were not proved to have been correctly kept, it was held that the defendant could not introduce the evidence of witnesses to prove the unproductiveness of the mills, ferry and farm, for previous years.

Error from Anderson. Tried below before the Hon. John H. Reagan.

Suit by appellee's intestate against appellant, on account of partnership transactions from December 1st, 1853, to December 1st, 1854, in a saw and grist mill and a ferry and farm in connection therewith. The parties were joint owners of the property; the plaintiff furnished three hands and the defendant two. The plaintiff lived at Palestine, twenty-five miles off; and defendant resided on the property, and managed the business. The issues were as to the state of the accounts, and

whether or not the business had yielded any profits.

The plaintiff died during the progress of the cause, and W. J. Duval continued the suit, as administrator *pro tem.* Verdict and judgment for plaintiff.

Bill of exceptions by defendant, as follows: Plaintiff called Benjamin T. Duvall, who, being sworn upon his *voir dire*, stated that he was named and appointed one of the executors of his father, John Duval, deceased, the original plaintiff in this suit; that he had been removed from his executorship by the Chief Justice of Anderson county; that he still claimed to be one of the executors of the deceased, and that he was one of the plaintiffs in a proceeding in the District Court of Anderson county, contesting the power of the Chief Justice to remove him, on the ground that the Chief Justice was interested as one of the representatives of the estate of the deceased; that witness and the other executor had probated the will and received letters as executors, and had never resigned their trust, and that they were seeking to be reinstated as executors; and that he had assigned his interest in the estate of his father, and had no interest in the event of this suit. And, thereupon, the defendant objected to the competency of said Duval to testify, &c. Objection overruled, and defendant excepted. There was in the transcript an assignment from this witness to W. J. Duval, of all his interest in said estate.

The plaintiff had given the defendant notice to produce the books. Bill of exception as follows: On the trial of this cause the defendant produced the books of the partnership of the plaintiff and defendant, and the plaintiff declining to offer the same in evidence before the jury, the defendant then offered to make oath that the books were correct, and to read them to the jury as evidence; and the Court, after inspecting the books, and at the instance of plaintiff, excluded them from the jury.

There was a portion of the statement of facts which is referred to in the Opinion of the Court, in connection with the above exception, as follows:

Witness Benjamin T. Duval further stated, that, as agent for plaintiff's intestate, he called on Saunders, the defendant, for a settlement; and he refused to settle, because, he said, his books were not ready, and that he would fix them up before settlement; and that defendant, when subsequently called on to make a settlement, told witness that he was not going to be showing his books to everybody in the country; and witness further stated, that plaintiff several times called for the books in witness' presence.

The defendant offered the deposition of Asa Elkins, which was objected to as irrelevant, and excluded by the Court. The purport of the deposition was, that witness and Saunders had run the mill in partnership for twelve months, commencing in the Fall of the year 1850; that they had managed the business with diligence and skill; that witness lost about $800 during that time; that witness had been a millwright for thirty years, and had great experience with mills, and that wittness' judgment was, that owing to the irregularity of the stream of water, (the Neches,) upon which the mills were situated, the expenses the year round must exceed the profits; and that the ferry was not worth keeping up, except as a matter of convenience. Witness was not able to say whether the year commencing the 1st of December, 1853, was or was not more favorable for running the mills, than it was the year witness was engaged in running them; he was not in that section of the country at that time.

The defendant also offered to prove by Young Lacy and Jesse Duren, the condition of the mills the year previous to the partnership, which being objected to, was excluded by the Court.

*R. A. Reeves*, for appellant

I. The appointment of B. F. Duval as executor by the will, and grant of letters, was a vested right. (1 Greenleaf's Evidence, Sec. 347, 390; 1 Williams on Executors, 239, 240;

Toler on Ex'rs, 45–6.)  The evidence increased the estate that the witness claimed the right to administer.  (2 Williams on Executors, 1768.)

II.  The books of the partnership ought to have been received in evidence.  After they were produced by the defendant under the notice from the plaintiff, and the latter had informed himself of their contents, they were evidence for both parties.  (1 Greenleaf's Evidence, Sec. 563 and notes ; Id. 493, latter part of Section.

Whether the books were correctly kept, or would show the true state of the business of the partnership, was a question for the jury under the pleadings.

III.  The opinions and statements of the witnesses, who are mechanics and millwrights, and who were acquainted with the mills, were admissible in evidence before the jury, and the Court erred in excluding the evidence offered by the defendant, and ruling out the evidence or deposition of Elkins. (1 Greenleaf's Evidence, Sec. 440 ; 2 Stark. Ev. 223, 6th Edition.)

*Horrell*, and *Donley & Anderson*, for appellee.

I.  The assignment of his interest by B. T. Duval, made him a competent witness.  (1 Greenl. on Ev. Sec. 408.)   He was not a party, and, therefore, not incompetent as executor. (Id. Sec. 347.)  His interest, if any, too remote.  (1 Id. Sec. 390.)

II.  Partnership books are not evidence in a controversy between partners, unless they have been kept subject to inspection by the partner against whom they are offered.  (Simons v. Kirtley, 1 Mon. R. 80 ;  Withers v. Withers, 8 Peters, 358.)

III.  The next question is, as to the exclusion of the testimony of Duren, Lacy, and the deposition of Elkins.  It was the performances of the mills in 1854, and the productions of the farm and ferry for the year 1854, under the control and

management of appellant, that were in issue. The evidence excluded, speaks only as to a knowledge of the mills, ferry and farm, in the year 1850–51; and was not relevant to the issue. A stream of water might have been entirely insufficient and unfit for the profitable running of the mills in 1850 and 1851, and abundantly sufficient in 1854. A mill to Elkins or Lacy and Duren, might have been utterly worthless, under their superintendence, and highly profitable under the superintendence of an industrious, skillful man, as Saunders represented himself to be. (1 Greenl. Ev. 62.) The evidence was too remote and indefinite, and would not be any proof on the points in issue.

WHEELER, J. The objection to the competency of the witness Duval, was not well taken. He had no certain interest in the event of the suit. Though he had been appointed executor and had qualified, he had been removed from the office, and was not then in possession of it. The most that can be said is, that he may have had a right to it; but whether he would ever hold it was uncertain. It must be a present, certain and vested interest, and not an interest uncertain, remote or contingent, to render a witness incompetent. (1 Greenl. Ev. Sec. 390, 408.) It is clear that the witness had no such interest. He was not a party to the record, or liable for costs. This release removed any interest he might have had as heir or distributee; and, beyond question, he was a competent witness.

There was no error in excluding the defendant's books, when offered in evidence by himself. They were not only of his own creation, but he had denied the plaintiff access to an inspection of them. There was no evidence that they had been regularly and properly kept, but rather the contrary. To have admitted them, upon the defendant's own oath, when it appeared by his statement to the witness, that they had not been regularly kept, and when he had refused the plaintiff in-

spection of them, would have been to allow a party to manu-
facture evidence for himself. The notice to produce did not
make them evidence for the defendant, as it does not appear
that they were inspected by the plaintiff. The production of
papers, upon notice, does not make them evidence in the case,
unless the party giving the notice inspects them, so as to be-
come acquainted with their contents. (1 Greenl. Ev. Sec.
563; 7 Serg. & R. 14.) If the defendant would have given
his books in evidence, he should not have withheld them from
the plaintiff's inspection; but should have allowed him free
access to them, in order that he might have the opportunity of
coming prepared with evidence to rebut such evidence as the
defendant might offer to establish their correctness, and to
prove, if he could, that they were not correct. Having the
sole management of the business, it devolved on the defendant
to keep the books; but he had no right to deny his copartner
full and free access to, and inspection of, them at all times; and
his refusal warranted the inference, either that he had not kept
regular books, or that, if he had, the evidence they would fur-
nish would be against him.

The deposition of Elkins, and the testimony of the witnesses
Lacy and Duren, offered to prove the condition of the mill the
previous year, were properly excluded as irrelevant. The pro-
posed evidence afforded no reasonable presumption or infer-
ence as to the matter in issue, and the admission of it would
have had a tendency to prejudice and mislead the jury. (Id.
Sec. 52.) There is no error in the judgment, and it is
affirmed.

Judgment affirmed.